IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DETRIA HALL | : | |
| | : | |
| **Plaintiff** | : | |
| | : | NO. 15-6203 |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| ACTING COMMISSIONER OF | : | |
| SOCIAL SECURITY | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 29, 2016**

　　Detria Hall ("Hall") applied for supplemental security income benefits ("SSI") and the Social Security Administration ("SSA") denied her on November 2, 2012.[1] Hall requested a hearing and testified on January 16, 2014.[2] The Administrative Law Judge ("ALJ") denied Hall's application and Hall requested review of the ALJ's May 2, 2014 decision.[3] SSA's Appeals Council denied Hall's request for review of the ALJ's May 2, 2014 decision and mailed her its denial letter on September 9, 2015.[4] SSA's letter informed Hall of her right to commence a civil action within sixty (60) days of receiving the notice and included five (5) extra days to account for mailing.[5] The SSA told Hall she needed to file a case by November 13, 2015.[6] Hall filed this case on November 17, 2015.[7] The SSA moves to dismiss Hall's complaint as untimely.

　　Hall, as an individual claiming a wrongful denial of benefits, may timely obtain our review of the Social Security Administration's ("SSA") final decision by filing a case within sixty (60) days of SSA's Appeals Council's denial or within a time allowed by the SSA Commissioner.[8] The date of notice of Appeals Council's denial letter "shall be presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary," so

the individual has sixty-five (65) days to commence a civil action.[9] The sixty-day statute of limitations may be extended by the Commissioner upon a showing of good cause by the individual. *Id.*

We may toll the statute of limitations period when "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."[10] Equitable tolling is applied sparingly but is appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[11]

The Supreme Court in *Bowen* tolled the statute of limitations because all class members were subject to the Government's secretive conduct.[12] The Government's secretive and misleading conduct prevented the claimant from acting upon his rights.[13] In *Kramer*, our court of appeals affirmed Judge Standish's rejecting plaintiff's argument for tolling after he "[took] the necessary steps to advise the [SSA] of a change in his mailing address," and by the time he received Appeals Council's letter, he had been in a coma and allegedly could not file the civil action.[14] Our court of appeals held the plaintiff did not specify the date he actually received the letter, nor did he adequately explain why he could not file his civil action in time.[15]

Having failed to file her case by November 13, 2015, Detria Hall must show cause or equities favor tolling the statute of limitations for even four (4) days. Hall elected not to respond to Defendant's Motion and otherwise failed to show why equitable tolling is appropriate. Hall has not offered any reason for filing outside the mandatory filing period, and does not allege she lacked notice of the filing requirement in the September 9, 2015 letter. She does not meet one of

2

the limited grounds for tolling the limitations period. We grant Defendant's Motion to Dismiss in the accompanying Order.

---

[1] (ECF Doc. No. 15 at 1).

[2] *(Id.)*

[3] *(Id.)*

[4] *(Id.)*

[5] *(Id.)*

[6] *(Id).*

[7] *(Id.)*

[8] 42 U.S.C. § 405(g).

[9] 20 C.F.R. § 422.210(c).

[10] *Bowen v. City of New York*, 476 U.S. 467, 480 (1986); *see also Kendus v. Barnhart*, 247 F. Supp. 2d 664 (E.D. Pa. 2003)(dismissing complaint filed sixty-two (62) days after notice).

[11] *Kramer v. Commissioner of Social Security*, 461 F.App'x. 167, 169 (3d Cir. 2012); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

[12] "Where the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

[13] *Mazzie v. Bowen*, No 88-0540, 1988 WL 92202, at *2 (E.D. Pa. September 1, 1988).

[14] *Kramer*, 461 F. App'x. at 169-70.

[15] *Id.* at 170.